UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA GOBAH,

    Plaintiff,

v.

CITY OF HAMTRAMCK, et al.

    Defendants.

Civil Case No. 21-11828
Honorable Linda V. Parker

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY OR ABSTAIN PENDING OUTCOME OF COMPANION STATE COURT CRIMINAL CASE (ECF NO. 26)**

This lawsuit arises out of claims of excessive police force by officers from the Hamtramck Police Department. On August 6, 2021, Plaintiff Joshua Gobah ("Plaintiff") filed a Complaint against numerous defendants: the city of Hamtramck and Officers Brian Thome, Justin Rankin, and Jacqueline Wysong in their individual and official capacities, (collectively, the "Officers"). (ECF No. 1.) The Complaint alleges the following counts: excessive force under 42 U.S.C. § 1983 against all Defendants (Count I); violation of civil rights pursuant to 42 U.S.C. § 1983 against Defendant City of Hamtramck (Count II); willful and wanton misconduct, deliberate indifference/gross negligence against the Officers (Count III); assault and battery against the Officers (Count IV); and intentional

infliction of emotional distress against all Defendants (Count V).  (*Id.*)  On July 7, 2022, the Court held a status conference where parties were instructed to file a motion to stay due to ongoing criminal proceedings.

This matter is before the Court on "Defendants' Court-ordered Motion to Stay or Abstain Pending Outcome of Companion State Court Criminal Case." (ECF No. 26.)  The motion is fully briefed. (ECF No. 28.)  For the reasons that follow, the Court denies Defendants' motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 2018, at or around 4:00PM, Plaintiff and his three (3) friends were driving in a Lincoln MKZ when they were followed by two (2) men in a Dodge Charger.  According to Plaintiff, one of the men in the Charger brandished a firearm and pointed it at Plaintiff and his friends, then continued to follow Plaintiff.  At approximately 4:02PM, Plaintiff dialed "9-1-1."  Plaintiff provided the license plate number of the aforementioned vehicle, a description of which direction the Charger was driving, the number of people in the Charger, and notified police that at least one person in the Charger was in possession of a firearm.  Shortly after explaining the situation to the Hamtramck Police Department dispatcher, Officers arrived and pulled Plaintiff over, turned on the police lights, and approached the vehicle.  According to Plaintiff, he was then detained for allegedly assaulting one of the men in the Charger.  Once Officers told

2

Plaintiff to place his hands behind his back and began to frisk him, Plaintiff then fled the scene on foot, and a chase ensued.  According to Plaintiff, once Officers caught up with him, he "surrendered without incident or resistance." (ECF No. 1 ¶ 27, Pg ID 7.)  Immediately after Plaintiff's "voluntary surrender," Officers collectively punched Plaintiff multiple times in his face and body.  (*Id*. at ¶ 28, Pg ID 7.)  According to Plaintiff, he was punched at least three times in his face, tasered in his back, punched on the right side of his face again, and punched in the left side of his back.  As a result, Plaintiff suffered severe injuries, including a "fractured jaw, broken nose, and perforated eardrum." (*Id*. ¶44, Pg ID 9.)  Plaintiff subsequently had to undergo surgery to correct the fractured jaw, which included Plaintiff's jaw being wired shut for four weeks.

    As a result of the arrest, Plaintiff was charged in state trial court for "Obstructing" and "Possession of Drug Paraphernalia." (ECF No. 26-4 at Pg ID 341.)  On April 1, 2019, the trial court judge accepted the nolo contendere plea to "Disorderly Conduct" after initially indicating that there would be a guilty plea. (*Id*.)  On July 18, 2022, the state appellate court remanded the case back to the district court for an evidentiary hearing to determine whether there was a guilty or a nolo contendere plea.  (ECF No 26 at Pg ID 236.) Specifically, the appellate court ruled that if the district court finds that there was a guilty plea, the current plea would be amended and vacated.  However, if the district court finds it to be a

3

nolo contendere plea, the plea will stand, but the trial court would have to support it with a factual basis. (ECF No. 26 at Pg ID 236.)

## STANDARD OF REVIEW

District courts enjoy broad discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir.1977) (noting that this power is "inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . .").

## APPLICABLE LAW AND ANALYSIS

The Sixth Circuit has held that "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *E.M.A. Nationwide, Inc.*, 767 F.3d at 627 (internal quotations and citations omitted). When determining whether to grant a motion to stay, courts focus on six factors:[1]

---

[1] Defendants cite to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Younger v. Harris*, 401 U.S. 37 (1971), in support of why the Court should stay the case. The Court elects not to engage in the analysis of those arguments because the factors set forth by the Sixth Circuit provide enough basis for the Court's determination of whether a stay is warranted.

4

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (noting that courts should also consider the extent of any Fifth Amendment implications); *see also In re Flint Water Cases*, No. 5:16-CV-10444, 2019 WL 5802706, at *2 (E.D. Mich. Nov. 7, 2019). Moreover, the party seeking a stay bears the burden to show the existence of a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

The first factor weighs heavily in favor of proceeding with the civil case. The Court acknowledges that the underlying facts and claims in both the civil and criminal cases arise out of the same arrest. However, more importantly, Plaintiff does not refute on this record that he resisted a lawful command. The civil case does not focus at all on the claim of resisting arrest. Instead, according to Plaintiff's complaint, the claim of excessive force raised in the civil matter arises from events that occurred both *after* his voluntary surrender and the effectuation of his arrest. (ECF No. 1 ¶ 27, Pg ID 7.)

The second factor, the status of the criminal case, weighs in favor of a stay. *See EMA Nationwide*, 767 F.3d at 628 ("courts generally do not stay proceedings

5

in the absence of an indictment.")  The state court case is well beyond an indictment and was pled, appealed, and remanded pending the outcome of an evidentiary hearing determination as to whether there was a guilty or a nolo contendere plea.  (ECF No. 26 at Pg ID 241.)

The third factor regarding a balance between the private interest and any prejudice to Plaintiff, weighs in favor of moving forward with the civil matter.  A delay in this matter would further delay Plaintiff's opportunity to seek relief on his alleged civil rights violations that occurred well over four years ago.  Moreover, the longer this matter is prevented from going forward, the higher the likelihood that the clarity of parties' memories of the day in question may begin to fade.

The fourth factor regarding the interests and burden on the Defendants weighs in favor of denying a stay.  Defendants assert that Plaintiff may implicate his Fifth Amendment privilege against self-incrimination during discovery.  Further, Defendants maintain that Plaintiff's counsel would potentially seek to use factual developments or admissions from the civil case in his criminal matter.  The Court disagrees that this outcome is likely to occur because the state court is merely seeking to determine the nature of Plaintiff's plea, not allowing Plaintiff the opportunity to re-litigate the criminal case or rescind the original plea, which could lead to the potential Fifth Amendment implications Defendants raise.

The fifth factor, which focuses on the interest of the Court, would be neutral in the present case. Finally, the sixth factor—a balancing of the public interest—weighs in favor of denying a stay. *See EMA Nationwide*, 767 F.3d at 629 (explaining the "public interest is furthered when individuals' injuries are remedied in a timely manner."). In cases that involve alleged civil rights violations, it is in the public interest to allow plaintiffs to seek remedies without delay. *See cf. G & V Lounge Inc. v. Mich. Liquor Control Comm.*, 23 F.3d 1071, 1079 (6th Cir. 1994). ("it is always in the public interest to prevent the violation of a party's constitutional rights.")

## CONCLUSION

As reflected above, the relevant factors weigh in favor of denying a stay and moving forward with the civil proceedings.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Stay or Abstain Pending Outcome of Companion State Court Criminal Case (ECF No. 26) is **DENIED** and this matter will proceed.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 9, 2022